UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE JOHNSON,

    Petitioner,

    v.      CAUSE NO. 3:24-CV-198

WARDEN,

    Respondent.

**OPINION AND ORDER**

Brandon Lee Johnson, a prisoner without a lawyer, filed a habeas petition [DE 1] on March 5, 2024 challenging the disciplinary decision (ISP-23-3-334) at the Indiana State Prison in which a disciplinary hearing officer ("DHO") found Johnson guilty of threatening in violation of Indiana Department of Correction Offense 213. Following a hearing, he was sanctioned with a demotion in credit class.

Johnson argues that he is entitled to habeas relief because correctional staff denied his request to present a witness statement from another inmate. [DE 1]. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

More specifically, Johnson asserts that he obtained a witness statement in which another inmate stated that he never heard a threat. He also represents that correctional staff would not obtain the statements on his behalf and that he did not present it at the hearing because it "disappeared." According to the screening report, Johnson requested statements from three inmate-witnesses each identified by cell number. [DE 8-2]. Correctional staff obtained witnesses statements from two of these inmates but denied the third witness statement because cell "CE440" did not exist. [DE 8-2; DE 8-4; DE 8-5]. Johnson does not dispute the absence of any cell labelled "CE400." Because the record indicates that correctional staff had a reasonable basis to deny the request for the third witness statement, this claim is not a basis for habeas relief.

Johnson argues that he is entitled to habeas relief because he was resentenced to additional time in segregation without a second hearing. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Notably, it is unclear why Johnson believes this additional segregation term was implemented as a result of this disciplinary proceeding. The classification hearing report attached to the petition as an exhibit suggests that he was assigned to administrative segregation once his term of disciplinary segregation expired.[1] [DE 1-1 at

---

[1] The Indiana Department of Correction distinguishes between administrative segregation and disciplinary segregation. Administrative Restrictive Status Housing, IDOC Policy No. 02-01-11, available at https://www.in.gov/idoc/files/policy-and-procedure/policies/02-01-111-ARSH-10-1-2021.pdf; Disciplinary Restrictive Housing, IDOC Policy No. 02-04-102, available at https://www.in.gov/idoc/files/policy-and-procedure/policies/02-04-102-DRSH-2-1-2023.pdf. One difference between them is inmates are placed in administrative segregation due to safety and security concerns but are placed in disciplinary segregation as a sanction for violations of the disciplinary code.

16]. Moreover, even assuming that correctional staff imposed the additional segregation term in connection with this disciplinary proceeding, Johnson could not challenge this imposition in this habeas case. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) "State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all."); *Jaske v. Hanks*, 27 Fed. Appx. 622, 623 (7th Cir. 2001) ("Because disciplinary segregation affects the severity rather than the duration of custody, Mr. Jaske's petition was improperly brought under § 2254."). Therefore, this claim is not a basis for habeas relief.

Johnson also argues that he is entitled to habeas relief because correctional staff did not allow him to cross-examine his accuser. The Supreme Court of the United States has expressly declined to find a constitutional right to cross-examination in prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 568 (1974) ("We think that the Constitution should not be read to impose the procedure at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination."). Therefore, this claim is not a basis for habeas relief.

Finally, Johnson argues that he is entitled to habeas relief because correctional staff held the hearing four months after the offense and did not complete postponement forms. Holding the hearing within a particular timeframe after the offense and the use of particular forms are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of

requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, these claims are not a basis for habeas relief.

Because Johnson has not asserted a valid claim for habeas relief, the court hereby DENIES the habeas petition [DE 1]. If Johnson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, Johnson may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) **DENIES** the habeas corpus petition [DE 1];

(2) **DIRECTS** the clerk to enter judgment and close this case; and

(3) **DENIES** Brandon Lee Johnson leave to proceed in forma pauperis on appeal.

ENTERED this 30th of December, 2024.

/s/ Andrew P. Rodovich
United States Magistrate Judge